## S. B. VANCE v. CITY OF HENDERSON.

**Statutes—Title—Subject of Act.**

> Where the title of an act is "An act to incorporate the Hen-
> derson Water Works Company," the power conferred upon the city
> to become the owner of all the capital stock of the company is not
> foreign to the subject expressed in the title of the act.

**Waters and Water Courses—All Stock Subscribed for by City.**

> Where an act of the Legislature gives the city the power to sub-
> scribe for part or all of the stock of a water works company, and the
> city subscribes for all the stock, the rights and powers of the water
> works company are the same as if the city had subscribed for only
> part of the stock, and in ascertaining these rights, powers and du-
> ties, such act must be looked to and not the city charter.

APPEAL FROM HENDERSON CIRCUIT COURT.

December 4, 1873.

OPINION BY JUDGE LINDSAY:

The act of April 16, 1873, is entitled "An Act to Incorporate
the Henderson Water Works Company." The 12th section
authorizes and empowers the city of Henderson to subscribe for
the whole amount of stock necessary to build and operate the
contemplated water works, and by so doing said city becomes
entitled exclusively to all the privileges and franchises granted
by the act, and it is also subjected to all the duties therein pre-
scribed.

It is insisted that the authority thus vested in the principal
government of the city, is inconsistent with the objects of the
act as expressed by its title, and that the 12th section is obnoxious
to the prohibition upon legislative power contained in Sec. 37,
Art. 2, State Constitution. Assuming that this provision of the
constitution absolutely prohibits the passage of any law which
applies to more than one subject, and renders void so much
thereof as does not relate to the subject expressed in the title,
yet we are not prepared to decide that the 12th and 13th sections
of this act fall within the constitutional prohibition.

The subject of the act, as expressed by the title, is not merely
to create a private corporation. The object to be accomplished

by this corporation, viz., the construction of water works at the city of Henderson, is clearly and unmistakably indicated.

Two methods are provided by which to raise means to carry into execution the purpose for which the company was incorporated, neither of which are inconsistent with the title or general tenor of the act. The city of Henderson, in conjunction with individuals, could subscribe for the capital stock of the company, in which case the affairs of the corporation should be managed by a board of directors. By the 12th section, the city of Henderson might, if it be deemed advisable, subscribe for all the stock necessary to be taken, and in that event the affairs of the water works company shall be managed by five commissioners, to be styled "The Water Commissioners", to be appointed by the mayor, and to be subject to the general supervision and control of the council of the city.

In either event, the money to construct and operate the water works is to be raised by a subscription for the capital stock of the private corporation, "The Henderson Water Works Company"; and whether this capital stock be taken in whole or in part by the city, the corporation is to have and enjoy the privileges, franchises and powers granted by the act, and to be subject to all the duties therein prescribed.

It results, therefore, although the city of Henderson in its municipal character has subscribed for, and will own all the capital stock of the private corporation, "The Henderson Water Works Company," that the rights, franchises, powers, and duties of the private corporation, are exactly such as they would have been had the city subscribed for only a portion of the stock. And in ascertaining these rights, powers and duties, the act under consideration, and not the municipal charter of the city must be looked to.

As before stated, we do not regard the power conferred upon the city of Henderson to become the owner of all the capital stock of the company, as foreign to the subject-matter of the act as expressed by its title.

The judgment of the court below must therefore be affirmed.

*Vance, Merritt,* for appellant.

*M. Yeaman,* for appellee.